**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4142**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

       v.

CHRISTOPHER RON HILL,

             Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge. (1:10-cr-00081-WO-1)

Submitted:  September 30, 2011        Decided:  October 17, 2011

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Jonathan Leonard, LEONARD LAW FIRM, Winston-Salem, North Carolina, for Appellant.  Clifton Thomas Barrett, Michael Francis Joseph, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Ron Hill appeals the 300-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2011). Counsel for Hill filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred in denying Hill's motions to withdraw his guilty plea and whether Hill's sentence is reasonable. Hill filed a pro se supplemental brief arguing that (1) the district court erred in failing to dismiss the indictment and relying on fabricated information to issue the warrant and complaint; (2) the district court erred in denying Hill's motions to withdraw his guilty plea; (3) the district court erred in sentencing Hill as a career offender; (4) the Government breached the plea agreement; (5) Hill's sentence violates the FSA; and (6) trial counsel rendered ineffective assistance. Counsel for Hill has now filed a motion to remand the case, with the Government's consent, for resentencing in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). For the reasons that follow, we affirm in part, vacate in part, grant the motion to remand, and remand for resentencing.

We review for abuse of discretion a district court's denial of a motion to withdraw a guilty plea. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007). A defendant seeking to withdraw his guilty plea bears the burden of demonstrating that withdrawal should be granted. Id. In deciding whether to permit withdrawal, a district court should consider:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or voluntary; (2)whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).

We conclude that the district court did not abuse its discretion in denying Hill's motion to withdraw his guilty plea. The district court conducted a thorough and comprehensive Federal Rule of Criminal Procedure 11 colloquy, and Hill's contentions that his indictment was based on a defective warrant and that trial counsel rendered ineffective assistance were meritless and did not undermine the validity of his guilty plea. Further, Hill did not assert his legal innocence, and significant time and resources had already been spent on his case.

Because antecedent nonjurisdictional claims are not cognizable on appeal, United States v. Moussaoui, 591 F.3d 263,

3

279 (4th Cir. 2010), we decline to consider Hill's claims that the district court erred in failing to dismiss his indictment because it was based on a defective complaint and in issuing an arrest warrant based on falsified evidence. Additionally, we hold that the Government did not breach Hill's plea agreement by failing to comply with a purported oral amendment to the written agreement.

We further hold that Hill's claim of ineffective assistance is not ripe for review at this time as there is no evidence on the record that counsel was ineffective. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Hill may, should he wish to do so, assert his claim in an appropriate motion for post-conviction relief. Accordingly, we affirm Hill's conviction.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010) (abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error in district court "[b]y drawing arguments from [18 U.S.C.] § 3553 [(2006)] for a sentence different than the one ultimately imposed"). We must begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the

4

Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id.; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Initially, we note that the district court adequately explained its reasons for the chosen sentence, considering both parties' arguments and the § 3553(a) factors, and did not err in counting Hill's consolidated prior convictions as two separate convictions, see U.S. Sentencing Guidelines Manual ("USSG") §§ 4B1.2(c) (2010).[1] Nonetheless, we vacate Hill's sentence and grant his motion to remand for resentencing.

Hill was sentenced as a career offender based on four prior North Carolina convictions deemed felonies consistent with our decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005) (holding that in order to "determine whether a

---

[1] We note, however, that only one of the three consolidated convictions was separated by an intervening arrest. See USSG §§ 4A1.1(a), (b), (c), 4A1.2(a)(2). Accordingly, if the district court determines on remand that the conviction for which a separate sentence was imposed does not qualify as a felony, it may not consider the remaining consolidated convictions separately. See id.

conviction is for a crime punishable by a prison term exceeding one year . . . [the court] consider[s] the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history"). Subsequently, however, we overruled Harp with our en banc decision in Simmons, in which we held that a North Carolina offense may not be classified as a felony based upon the maximum aggravated sentence that could be imposed upon a repeat offender if the defendant was not actually eligible for such a sentence. On this record, it is impossible to determine whether Hill's prior convictions qualify as felonies under Simmons. Accordingly, we grant Hill's motion to remand, vacate his sentence, and remand for resentencing in light of Simmons.[2]

In accordance with Anders, we have examined the entire record and find no other meritorious issues for appeal. We therefore affirm Hill's convictions, vacate Hill's sentence, and remand for resentencing in light of our decision in Simmons. In doing so, we indicate no view as to whether Hill may be classified as a career offender under Simmons, leaving that determination in the first instance for the district court.

---

[2] We of course fault neither the Government nor the district court for relying on, and applying, unambiguous circuit authority at the time of Hill's sentencing.

This court requires that counsel inform Hill, in writing, of his right to petition the Supreme Court of the United States for further review. If Hill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hill.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

7